NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERVANDO ALONSO FLORES, AKA Roberto G. Trujillo, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.  20-70788 Agency No. A048-137-953 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Servando Alonso Flores, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal and his motion for a

———————

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review for abuse of discretion the denial of a continuance. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Alonso Flores contends that the IJ failed to consider multiple factors relevant to cancellation of removal, but his contention fails as unsupported by the record, and we otherwise lack jurisdiction to review the agency's discretionary decision to deny cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) ("This court lacks jurisdiction to review the merits of a discretionary decision to deny cancellation of removal, but it does have jurisdiction to review whether the IJ considered relevant evidence in making this decision."). Thus, Alonso Flores's cancellation of removal claim fails.

We also lack jurisdiction to review the BIA's determination that the evidence Alonso Flores submitted with his motion to remand would not alter the prior discretionary determination denying cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) ("Section 1252(a)(2)(B)(i) . . . bars jurisdiction where the question presented is essentially the same discretionary issue originally decided."). We reject Alonso Flores's contention that the BIA failed to consider his motion to remand as unsupported by the record.

The agency did not abuse its discretion in granting a shorter continuance than that requested by Alonso Flores. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (setting out the factors to consider in good cause analysis). Thus, Alonso Flores's contention that the agency violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We do not consider the materials Alonso Flores submitted to the court that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**